FILED

March 16, 2015

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time: 10:34 AM



# COURT OF WORKERS' COMPENSATION CLAIMS
## DIVISION OF WORKERS' COMPENSATION

**EMPLOYEE: John D. Ellis**

**EMPLOYER: A Air-One Services**

**INSURANCE CARRIER: Auto Owners' Insurance**

**DOCKET #: 2015-08-0001**
**STATE FILE #: 78521-2014**
**DATE OF INJURY: September 19, 2014**

## EXPEDITED HEARING ORDER

THIS CAUSE came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by Employee, John D. Ellis (Mr. Ellis), on January 5, 2015, pursuant to Tennessee Code Annotated section 50-6-239, to determine whether Employer, A Air-One Services (AIR) is obligated to provide medical benefits and/or temporary disability benefits.

The undersigned Workers' Compensation Judge conducted an Expedited Hearing on March 13, 2015. Mr. Ellis appeared with his Counsel, Mark Lambert. AIR and their workers' compensation insurance carrier, Auto Owners' Insurance (Auto), appeared through their Counsel, Michael Haynie. Mr. Ellis was the only witness to testify.

At the Expedited Hearing, the parties announced that they were not requesting a ruling on medical or temporary disability benefits, but only wanted a ruling on the validity of AIR's defense of illegal drug usage. Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court finds no support for the illegal drug use defense.

## ANALYSIS

### Issue

Whether AIR has adequate grounds to deny Mr. Ellis' claim based on the defense of illegal drug usage.

### Evidence Submitted

The Court designated the following as the technical record:

- Petition for Benefit Determination (PBD)

1

- Dispute Certification Notice (DCN)
- Request for Expedited Hearing (REH)

The following documents were admitted into evidence by stipulation of the parties:

Exhibit 1: Affidavit of Mr. Ellis
Exhibit 2: Medical Records:
- Baptist Onecare
- Memphis Orthopedic Group (Dr. Stephen Waggoner)
- Physical Therapy Squared
- Diagnostic Imaging, P.C.
- Methodist North Hospital
- Dr. Jolee Bostick Rutherford

Exhibit 3: First Report of Injury (FROI) (C-20)
Exhibit 4: Wage Statement (C-41)
Exhibit 5: Drug Free Workplace documentation for A Air-One Services
Exhibit 6: Panel of Physicians (C-42)
Exhibit 7: Drug Testing Reports of Mid-South Drug Testing and ExperTox laboratory

## History of Claim

Mr. Ellis works as a service technician for AIR, a member of the Tennessee Drug-Free Workplace Program. He sustained an injury on September 19, 2014, while working for AIR. According to the FROI, Mr. Ellis was trying to lay a machine called an air handler down on a trailer and felt something pull in his back. Mr. Ellis confirmed this in his testimony. He testified that though this is an awkward and heavy piece of machinery, he has performed this job on other occasions without injury. He testified that he did not lose control of the air handler, but simply felt the injury to his back while performing the maneuver.

Mr. Ellis reported his work injury to AIR, and on September 23, 2014, AIR authorized him to go to Baptist Hospital for treatment. The September 23, 3014, report of Baptist Onecare notes that Mr. Ellis complained of back pain and lower extremity pain that started Friday at work lifting. On the same date, AIR instructed Mr. Ellis to go to Mid-South Drug Testing (MSDT) laboratory for drug testing. Mr. Ellis reported to MSDT on September 23, 2014, where a urine specimen was collected for testing.

AIR gave Mr. Ellis a panel of physicians and on September 25, 2014, he selected Dr. Stephen Waggoner. Mr. Ellis began treating with Dr. Waggoner on September 26, 2014. On October 3, 2014, MSDT reported the results of its urine drug test. The test was positive for various types of methamphetamines. Following the positive drug test, AIR denied Mr. Ellis' claim pursuant to the illegal drug use defenses in Tennessee Code Annotated section 50-6-110(a)(3). Mr. Ellis testified that the results of this test were incorrect because he was not using any illegal drugs, including methamphetamines.

After AIR denied his claim, Mr. Ellis contacted Mr. Lambert, his attorney, who instructed

him to return to MSDT to obtain another drug test. On October 30, 2014, Mr. Ellis obtained another drug test from MSDT. This time MSDT obtained a hair sample instead of a urine sample. MSDT sent the hair sample to another laboratory, ExperTox, for analysis. On November 7, 2014, MSDT reported the results of that testing, as follows:

Date of Test: 10/30/2014

The above named individual was hair tested for Amphetamine/MDA, Cocaine, Marijuana, Methamphetamine/MDMA, Opiates and PCP at the request of the Court [Note: This was not a Court request].

Expertox Laboratories screened this specimen and the results were negative for all drugs tested. One and one half inches of head hair was tested, which has an approximate time frame of three months past drug usage.

Mr. Ellis continued treating with Dr. Waggoner, who diagnosed an L2-L3 disc herniated and performed surgery on November 20, 2014. Mr. Ellis testified that he had a poor outcome from the surgery and that he is still treating with Dr. Waggoner.

## Mr. Ellis' Contentions

Mr. Ellis contends he sustained a work injury on September 19, 2014, which AIR accepted as compensable until MSDT reported positive results on his first drug test. He denies that he was using illegal drugs and contends that the positive drug test result was incorrect. Mr. Ellis contends that the second drug test at MSDT showing negative results supports his contention that the first test was incorrect. Mr. Ellis also contends that his testimony is the only evidence regarding how the work accident occurred, and it clearly and convincingly shows that drugs were not the proximate cause of his injury.

## AIR's Contentions

AIR contends that pursuant to Tennessee Code Annotated section 50-6-110(a), an employee who is injured on the job as a result of his or her illegal drug use is not entitled to workers' compensation benefits. AIR also contends that as a member of the Tennessee Drug-Free Workplace Program, it is entitled to the presumption in Tennessee Code Annotated section 50-6-110(c)(1), that a positive drug test establishes that Mr. Ellis' drug use was the proximate cause of the injury. Therefore, because of Mr. Ellis' initial urine drug test showing positive results for methamphetamines, AIR contends that it owes him no compensation benefits.

## Findings of Fact and Conclusions of Law

### Standard Applied

When determining whether to award benefits, the Judge must decide whether the moving party is likely to succeed on the merits at trial given the information available. *See generally, McCall*

3

*v. Nat'l Health Care Corp.*, 100 S.W. 3d 209, 214 (Tenn. 2003).

## Factual Findings

AIR is a member of the Tennessee Drug-Free Workplace Program. Mr. Ellis sustained an injury to his back while working for AIR on September 19, 2014. He submitted to two separate drug-testing procedures at MSDT, first on September 23, 2014, and again on October 30, 2014. The first test (a urine sample) resulted in positive results for methamphetamines, a prohibited drug. The second test (a hair sample) resulted in negative results. The hair sample test was effective for a period of three preceding months, including the date of injury.

Mr. Ellis testified credibly, stating that he had not used methamphetamines for several years. His testimony regarding the mechanism of his accident showed that drugs were not a factor in the accident. There was no evidence that Mr. Ellis appeared to be under the influence of drugs at the time of the work accident.

## Application of Law to Facts

In this case, the parties have requested that the Court rule only on AIR's defense of illegal drug use as codified in Tennessee Code Annotated section 50-6-110(a)(3). For the following reasons, the Court finds that the evidence presented does not support the defense.

AIR relies on Tennessee Code Annotated section 50-6-110 (2014), which provides:

(a) No compensation shall be allowed for an injury or death due to … (3) [t]he employee's … illegal drug usage.

(b) If the employer defends on the ground that the injury arose in any or all of the ways stated in subsection (a), the burden of proof shall be on the employer to establish the defense.

(c) (1) In cases where the employer has implemented a drug-free workplace pursuant to chapter 9 of this title, if … the injured employee has a positive confirmation of a drug as defined in § 50-9-103, then it is presumed that the drug or alcohol was the proximate cause of the injury. This presumption may be rebutted by clear and convincing evidence that the drug or alcohol was not the proximate cause of injury.

The Court finds that both drug tests are germane to the date of injury, September 19, 2014. MSDT conducted both tests but the results are in conflict; the first test positive and the second negative. Neither party has questioned the methodology of either test or presented evidence that one is more reliable than the other. Because of the absence of evidence that one test is more reliable than the other, the Court cannot arbitrarily ascribe more weight to one or the other. Therefore, the Court will give no evidentiary weight to either of the drug tests. The only evidence presented regarding the cause of the injury is the testimony of Mr. Ellis. Nothing in his testimony shows that drug use was the proximate cause of his accident.

4

**IT IS, THEREFORE, ORDERED** as follows:

1. The evidence presented does not support the defense of illegal drug usage as codified in Tennessee Code Annotated section 50-6-110(a)(3) (2014).

2. Because Mr. Ellis did not request an award of benefits, the Court does not order benefits at this time.

3. This matter is set for Initial Hearing on May 13, 2015 at 10:00 a.m. CDT.

4. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven (7) business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Division by email to WCCompliance.Program@tn.gov no later than the seventh (7th) business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.

**ENTERED this the 16th day of March, 2015.**

**Jim Umsted, Judge**
**Court of Workers' Compensation Claims**

Initial Hearing:

An Initial Hearing has been set with Judge Jim Umsted, Court of Workers' Compensation Claims. You must dial in at 615-532-9550 or 866-943-0014 toll free at to participate in your scheduled conference.

Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

<u>Right to Appeal:</u>

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled "Expedited Hearing Notice of Appeal".

2. File the completed form with the Court Clerk *within seven (7) business days* of the date the Expedited Hearing Order was entered by the Workers' Compensation Judge.

3. Serve a copy of the Request for Appeal upon the opposing party.

4. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a statement of the evidence within ten (10) calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must be approved by the Judge before the record is submitted to the Clerk of the Appeals Board.

5. If the appellant elects to file a position statement in support of the interlocutory appeal, the appealing party shall file such position statement with the Court Clerk within three (3) business days of the filing of the Expedited Hearing Notice of Appeal, specifying the issues presented for review and including any argument in support thereof. If the appellee elects to file a response in opposition to the interlocutory appeal, appellee shall do so within three (3) business days of the filing of the appellant's position statement.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 16th day of March, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|------|---------------|------------------|---------|-----------|-----------|---------------|
| Mark Lambert, Esq. | | | | | x | mlambert@forthepeople.com |
| Michael Haynie, Esq. | | | | | x | mhaynie@manierherod.com |

**Jim Umsted, Judge**
**Court of Workers' Compensation Claims**

6